IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JOSE M. SERRANO VIERA

Debtor

CASE NO. 23-03750 (ESL)

CHAPTER 11

OPINION AND ORDER DISMISSING THE CASE

This case is before the court upon the *Motion for Reconsideration Under Rule 9023, Rule 60 and Opposition to Motion to Dismiss with Bar to Refile* filed by the Debtor on September 23, 2024 (the "*Motion for Reconsideration*", dkt. #170) on two interrelated matters: (i) reconsideration of the order denying Debtor's fourth request for an extension of time to file a disclosure statement and plan (dkt. #162), and (ii) abeyance of the *Motion to Dismiss with a Bar to Refile of Three Years []* filed by the United States Trustee (the "*Motion to Dismiss*", dkt. #163).

Relevant Procedural Background

On March 4, 2024, the Debtor filed his first request for an extension of time to extend the exclusivity period to file a disclosure statement, which was granted on March 5, 2024 (dkt. #84, 85). On May 13, 2024, the Debtor filed his second request for an extension of time, which was granted on June 3, 2024 (dkts. #111, 122). On July 11, 2024, the Debtor filed his third request for an extension of time, which was granted on June 12, 2024 (dkts. #139, 140). The third order contains the following cautionary notice: "this is the third and last extension to file the disclosure statement and Chapter 11 plan. The travel of this case and the series of prior bankruptcy filings demand prompt action" (dkt. #140, lines 12-15). Thereafter, on September 6, 2023, the Debtor filed his fourth request for an extension of time, which was denied on September 9, 2024 (dkts. #158, 162). In its order denying the Debtor's fourth motion for an extension of time, the court stated that the request "for an extension of time to file a disclosure statement and Chapter 11 plan, and the reasons given, in light of the history of serial filings, do not establish reasonable cause to

-1-

further extend the period within the debtor may file a disclosure statement and plan" (dkt. #162, ¶¶ 11-16).

On that same date, September 9, 2024, the United States Trustee filed the *Motion to Dismiss* with a 3-year bar to refile (dkt. #163), which details the history of Debtor's ten (10) bankruptcy filings, the documents he has failed to submit to the United States Trustee, his failure to amend schedules and statement of financial affairs to accurately disclose his financial condition and pay the quarterly fees to the United States Trustee, and argues that the filed monthly reports of operation do not show that the Debtor is able to make payments to fund a plan of reorganization. Thus, the United States Trustee prays "that the instant case should be dismissed under: (1) 11 U.S.C. § 1112(b)(4)(A), due to continuing losses suffered by the estate and the absence of a reasonable likelihood of rehabilitation; (2) 11 U.S.C. § 1112(b)(4)(C), for Debtor's failure to maintain adequate insurance; (3) 11 U.S.C. § 1112(b)(4)(E) and (J), for failure to comply with the Court's order at docket no. 140, which set September 9, 2024, as the deadline to file the Disclosure Statement and Plan; (4) 11 U.S.C. § 1112(b)(4)(H), for Debtor's failure to timely provide the information reasonably requested by the United States Trustee; (5) 11 U.S.C. § 1112(b)(4)(F), for Debtor's failure to timely file operating reports with the Court; and (6) 11 U.S.C. § 1112(b)(4)(K), for Debtor's failure to pay quarterly fees" (dkt. #163, ¶ 32). The United States Trustee supports its request for dismissal and 3-year bar to refile with an in-depth legal analysis of the applicability of 11 U.S.C. §1112(b) to the facts of this case. In contrast, the *Motion for Reconsideration* is grounded on conclusory allegations that do not contradict the factual allegations and conclusions of law presented by the United States Trustee in the *Motion to Dismiss*.

In support of his *Motion for Reconsideration*, the Debtor belatedly filed a disclosure statement (dkt. #169) and a Chapter 11 plan (dkt. #168) on September 23, 2024. The Debtor also filed monthly reports of operation for the months of May, June, July, and August of 2024, on September 24, 2024 (dkts. #171, 172, 173, and 174). Even accepting as true the disclosures in the monthly reports of operation filed, they do not show a reasonable probability of successfully

making payments to fund the proposed plan. Simply put, the reports do not show that the Debtor generates sufficient income to fund a successful Chapter 11 plan.

Applicable Law and Analysis

(A)    Motion for Reconsideration Standard under Fed. R. Civ. P. 59(e), 60(b)

The *Motion for Reconsideration* is premised on Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 60(b). At the outset, the court clarifies that Fed. R. Bankr. P. 9023 makes applicable Fed. R. Civ. P. 59 while Fed. R. Bankr. P. 9024 makes applicable Fed. R. Civ. P. 60(b). As discussed below, they and the movant's burden thereunder are different.

Motions for reconsideration "are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*." In re Mujica, 470 B.R. 251, 253 (Bankr. D.P.R. 2012), *aff'd*, 492 B.R. 355 (D.P.R. 2013). See also Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied* 510 U.S. 859 (1993), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075–76 (5th Cir. 1994); In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Portugues–Santa v. B. Fernandez Hermanos, Inc., 614 F.Supp.2d 221, 225 (D.P.R. 2009); In re Martinez, 2013 WL 3808076, at *4 (Bankr. D.P.R. 2013); In re Acosta, 497 B.R. 25, 31 (Bankr. D.P.R. 2013). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief of judgment or order under Fed. R. Civ. P. 60(b). See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)).

"These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen (14)] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Pabon Rodriguez, 233 B.R. at 219, quoting Van Skiver, 952 F.2d at 1243.

"The substance of the motion, not the nomenclature used, or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. 109, 112–113 (Bankr. D.P.R. 2012). Thus, for example, even if filed within the time limit for a motion under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of "excusable neglect" will be treated as a Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for a party to undo its own procedural failures. See In re Lozada Rivera, 470 B.R. at 113, citing 12–60 Moore's Federal Practice Civil § 60.03. Also see United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164–165 (1st Cir. 2004) (even if timely filed under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of excusable neglect will be treated as Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for party to undo its own procedural failures); Jennings v. Rivers, 394 F.3d 850, 854–856 (10th Cir. 2005) (a motion timely filed under Fed. R. Civ. P. 59(e) but asserting ground for relief specified under Fed. R. Civ. P. 60(b), should be evaluated under standards applicable to Fed. R. Civ. P. 60(b) motions).

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. To meet the threshold requirements of a successful Fed. R. Civ. P. 59(e) motion, such motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. In re Schwartz, 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing Pabon Rodriguez, 233 B.R. at 218. See also Mujica, 470 B.R. at 254. For a motion for reconsideration to succeed, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." In re Redondo Constr. Corp., 2019 WL 6130938, at *3 (Bankr. D.P.R. 2019), aff'd, 621 B.R. 81 (D.P.R. 2020), quoting Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012). See also Pabon Rodriguez, 233 B.R. at 218; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997); In re Zutrau, 563 B.R. 431, 449 (B.A.P. 1st Cir. 2017), citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7, n. 2

(1st Cir. 2005), quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146, n. 2 (1st Cir. 2004).

Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. See Pabon Rodriguez, 233 B.R. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. See id.; Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 245 (1st Cir. 2007) (motions under Fed. R. Civ. P. 59(e) are reviewed for abuse of discretion, reversing only where "the original judgment evidenced a manifest error of law ... or in certain other narrow situations").

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Redondo, 2019 WL 6130938 at *2, quoting Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). When a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Fed. R. Civ. P. 59(e) motion. See Pabon Rodriguez, 233 B.R. at 218. "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Redondo, 2019 WL 6130938 at *3, quoting Lepore v. Vidockler, 792 F. 2d 272, 274 (1st Cir. 1986). Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. See Pabon Rodriguez, 233 B.R. at 218. A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205, n. 4 (D.P.R. 1999). As such, a party moving for Fed. R. Civ. P. 59(e) relief may not repeat arguments previously made, see Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008), "rehash arguments previously rejected or … raise ones that 'could, and should, have been made before judgment issued." Soto-Padró v. Public

Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice' ". Redondo, 2019 WL 6130938 at *2, quoting Conway v. A.I. DuPont Hosp. for Children, 2009 WL 1492178, at *4 (E.D. Pa. 2009). Also see In re Vazquez, 471 B.R. at 761 ("in denying reconsideration, the bankruptcy court correctly applied the First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier"). "It is therefore exceedingly difficult for a litigant to succeed in a Fed. R. Civ. P. 59(e) motion." In re Mujica, 470 B.R. at 254, citing ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

Fed. R. Civ. P. 60(b) "attempts to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud." Alan N. Resnick and Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9024.03 (16th ed. 2024). Hence, "the court may relieve a party from a final judgment, order, or proceeding" for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

In Pioneer, the U.S. Supreme Court ruled that the determination of what constitutes "excusable neglect" is an equitable one, taking into consideration the following factors: (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) whether the movant acted in good faith; and (4) whether granting the relief will prejudice the opposing party. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993). The Supreme Court concluded that "excusable neglect" is a flexible concept that is not limited to circumstances

beyond the control of the movant. Id., at 388. The U.S. Court of Appeals for the First Circuit (the "First Circuit") incorporated the Pioneer doctrine in Pratt v. Philbrook, 109 F.3d 18 (1st Cir. 1997) and has sustained it ever since. See e.g., United States v. Union Bank for Sav. & Inv. (Jordan), 487 F.3d 8, 24 (1st Cir. 2007); Aja v. Fitzgerald (In re Aja), 441 B.R. 173, 177 (1st Cir. B.A.P. 2011) (upholding the Pioneer test).

The most important factor in this test is the reason for the delay, which requires a statement of the reasons and a satisfactory explanation for the delay. See Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001); EnvisioNet Computer Servs., Inc. v. ECS Funding LLC, 288 B.R. 163, 166 (D. Me. 2002). No "excusable neglect" can be determined in the absence of unique or extraordinary circumstances. Fisher, 589 F.3d at 512; Haddock–Rivera v. ASUME, 486 B.R. 574, 578 (1st Cir. B.A.P. 2013), citing Morse v. Earle (In re Earle), 2008 Bankr. LEXIS 3961, 2008 WL 8664763 (1st Cir. B.A.P. 2008). "The trial court has wide discretion to determine the existence of neglect or lack thereof and whether it was excusable or not." In re Lozada Rivera, 470 B.R. at 114, citing Graphic Communications, 270 F.3d at 6-7; $23,000 in U.S. Currency, 356 F.3d at 165 ("[Trial] courts enjoy considerable discretion in deciding motions brought under Civil Rule 60(b)"), and In re Shepherds Hill Development Co., 316 B.R. 406, 418 (1st Cir. B.A.P. 2004).

The court will first address the Debtor's request for reconsideration of the denial of a fourth extension of time to file a disclosure statement and plan. In doing so, the court must consider the Debtor's prior requests for extensions of time and prior bankruptcy filings (ten (10) in total), which support the court's conclusion. The first request for an extension of sixty (60) days was made and granted in March 2024 (dkts. #84 and 85). The second request for a sixty (60) day extension was made on May 13, 2024 (dkt. #111) and granted as unopposed on June 3, 2024 (dkt. #122). The third request for an extension of sixty (60) days to file the disclosure statement and plan was made on July 11, 2024 (dkt. #139). The court granted the same the following day, June 12, 2024 (dkt. #140), and included the following cautionary notice: "this is the third and last extension to file the disclosure statement and Chapter 11 plan. The travel of this case and the

series of prior bankruptcy filings demand prompt action" (id., lines 12-15). Notwithstanding the notice, the Debtor filed his fourth request for an extension of time (of ninety (90) days) on September 6, 2023, which was denied on September 9, 2024 (dkts. #158, 162) "in light of the history of serial filings, do not establish reasonable cause to further extend the period within the debtor may file a disclosure statement and plan" (dkt. #162, ¶¶ 13-16). The history of Debtor's ten (10) bankruptcy petition filings is detailed in the United States Trustee's *Motion to Dismiss*, which this court incorporates by reference as if fully transcribed herein.

The *Motion for Reconsideration* was filed within fourteen (14) days from the date of entry of the *Order* denying the extension of time. Therefore, it may be procedurally considered as a motion under Fed. R. Bankr. P. 9023 or 9024. However, the issue lies in the merits of the request and the grounds under which relief is sought. The *Motion for Reconsideration* includes a plethora of conclusory and unsupported allegations as to the reasons which caused the history of Debtor's bankruptcy filings and delays in prosecuting this case. However, the allegations and legal analysis do not plead, support, or otherwise meet the requirements for relief under either Fed. R. Civ. P. 59(e) or 60(b). Therefore, the *Motion for Reconsideration* is hereby DENIED.

(B)     Dismissal Pursuant to 11 U.S.C. § 1112(b)

Section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), mandates, after notice and a hearing, the conversion or dismissal of a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes "cause" and the case is devoid of unusual circumstances pursuant to 11 U.S.C. § 1112(b)(2). See 11 U.S.C. § 1112(b)(1). Although the Bankruptcy Code does not define "cause" as that term is used in Section 1112(b), Section 1112(b)(4) provides a non-exhaustive list of circumstances which constitute "cause" for conversion or dismissal. Because the list of causes is nonexhaustive, a case may be converted or dismissed for other causes. See, *e.g.*, In re Plaza Antillana Inc., 2014 Bankr. LEXIS 634, 2014 WL 585299 (Bankr. D.P.R. 2014).

The initial burden is on the movant to argue and present evidence by a preponderance of the evidence standard to prove its position that there is cause for either conversion or dismissal of

the chapter 11 case, whichever is in the best interests of creditors and the estate. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1112.04[4] (16th ed. 2024). "Thus, until the movant carries this burden, the statutory direction that the court 'shall convert the case to a case under chapter 7 or dismiss the case' is not operative." Id. The court, after finding cause, has broad discretion to determine whether conversion or dismissal is in the best interest of creditors and the estate. See Gilroy v. Ameriquest Mortg. Co. (In re Gilroy), 2008 Bankr. Lexis 3968, 2008 WL 4531982 (1st Cir. B.A.P. 2008). However, if the movant proves that there is cause for dismissal pursuant to 11 U.S.C. § 1112(b)(4) by a preponderance of the evidence standard, the court must find that movant has established cause. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1112.04[4] (16th ed. 2024).

Once "cause" has been established, the burden shifts to the debtor to identify unusual circumstances that evince that conversion or dismissal is not in the best interest of creditors and the estate. Even, if there are no unusual circumstances, the court may not convert or dismiss a case if the debtor establishes and the court finds that: "(1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time; (2) the cause' for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is a reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured within a reasonable time." In re Orbit Petroleum, Inc., 395 B.R. 145, 148 (Bankr. D.N.M. 2008).

Section 1112(b)(4)(J) provides that the court shall dismiss or convert a chapter 11 case for failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court. See 11 U.S.C. §1112(b)(4)(J). The "filing of a disclosure statement and filing and confirmation of a plan is central to the progress of a successful Chapter 11 case." In re BABAYOFF, 445 B.R. 64, 78 (Bankr. E. D. N. Y. 2011).

In evaluating both the *Motion to Dismiss* and the Debtor's request to hold the same in abeyance, the court notes that this is Debtor's tenth bankruptcy filing since 1999, and that Debtor's previous nine (9) bankruptcies were dismissed on fault of the Debtor (dkt. #163, ¶¶ 3-

13). In addition, the uncontested facts show that the Debtor failed to file a disclosure statement and plan within the time ordered by this court. Therefore, "cause" exists, and the court must dismiss the case pursuant to 11 U.S.C. §1112(b)(4)(J). In view of the foregoing reasons, the case is hereby DISMISSED.

(C)     Dismissal With a Bar to Refile

Although the facts and the applicable law compel the dismissal of this case, the court must still determine if the dismissal should include a bar to refile for a period of three (3) years, as requested by the United States Trustee in the *Motion to Dismiss*. The court notes that the United States Trustee included other grounds for the dismissal of the present case. "Cause" having been found, the court finds it need not address the same in this *Opinion and Order*. Notwithstanding, these other causes may, after presenting relevant evidence, support the dismissal with a bar to refile.

On September 10, 2024, the court scheduled an evidentiary hearing for October 30, 2024, at 10:00 AM, to consider the United States Trustee's *Motion to Dismiss*. This *Opinion and Order* dismisses the case. Therefore, the scheduled hearing will only consider whether the Debtor may be enjoined from filing a bankruptcy petition for a period of three (3) years.

In pertinent part, the notice of the evidentiary hearing states the following:

> 4. The parties will meet and will file a report three (3) days prior to the hearing, which will contain:
>
> a) Proposed findings of fact and conclusions of law. Each proposed finding of fact shall refer to a document or a witness.
>
> b) Statement of uncontested facts.
>
> c) Copy of exhibits and/or identification duly marked; in the sequence proposed to be offered.
>
> d) List of witnesses (qualifications of expert witnesses must be attached); Objection to admissibility of physical evidence will be stated in writing, together with support authority for the objection.

Dkt. #164.

The court emphasizes the above mandate as it finds that the *Motion to Dismiss* filed by the United States Trustee makes a *prima facie* case in support of its request for a 3-year bar to refile. As such, it behooves the Debtor to submit and present specific evidence, not speculations and unsupported conclusions, in support of its opposition to the bar to re-file.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of October 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge

-11-